21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gary Lee McCOLPIN, Plaintiff-Appellant,
v.
David R. McKUNE, Defendant-Appellee.
 No. 93-3292.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. McColpin appeals from the dismissal, 28 U.S.C.1915(d), of his civil rights complaint, 42 U.S.C.1983, and seeks leave to appeal in forma pauperis. The district court first determined that Mr. McColpin's complaint of prison mail censorship contrary to the First and Fourteenth amendments to the United States Constitution was too vague and allowed him an opportunity to amend. Mr. McColpin responded, providing no specific facts concerning the alleged censorship, but rather alleging that the case involved the constitutionality of the prison mail regulation. The district court then dismissed the complaint for lack of a case or controversy and standing to assert the constitutional rights of others. We review the district court's 1915(d) dismissal for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 2
 A complaint may be dismissed under 1915(d) as frivolous if "it lacks an arguable basis in law and fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First and Fourteenth Amendments protect a prisoner's right to send and receive correspondence. Thornburgh v. Abbott, 490 U.S. 401, 407-08 (1989). The exercise of that right, however, may be limited by prison administrators concerned about security. Id. at 408. Any review of prison mail regulation must determine whether the regulation is " 'reasonably related to legitimate penological interests.' " Abbott, 490 U.S. at 409 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)); see also Smith v. Maschner, 899 F.2d 940, 944 (10th Cir.1990). While we must construe a pro se complaint liberally, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). We agree with the district court that the pleadings in this case do not provide sufficient information to allow a meaningful investigation of the complaint, which would be essential in a "reasonableness" inquiry. The complaint falls into the category of a generalized grievance.
 
 
 3
 We also may affirm a dismissal on the basis of an affirmative defense, such as Eleventh Amendment immunity, when it is obvious from the face of the complaint. Yellen v. Cooper, 828 F.2d 1471, 1476 (10th Cir.1987). When it is clear that a defendant is immune from suit, the complaint is based upon "an indisputably meritless legal theory." Neitzke, 490 U.S. at 327. This is an official capacity suit for damages against the state prison director. R. doc. 2 at 5. As such, it is barred in federal court. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 113 S.Ct. 684, 687-88 (1993); Will v. Michigan, 491 U.S. 58, 71 (1989).
 
 
 4
 We GRANT Mr. McColpin's motion to proceed in forma pauperis on appeal and affirm the district court's dismissal of his complaint.
 
 ORDER AND JUDGMENT[3]
 
 5
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[4]
 
 
 6
 Mr. McKune appeals from the dismissal, 28 U.S.C.1915(d), of his civil rights complaint, 42 U.S.C.1983, and seeks leave to appeal in forma pauperis. The district court first determined that Mr. McKune's complaint of prison mail censorship contrary to the First and Fourteenth amendments to the United States Constitution was too vague and allowed him an opportunity to amend. Mr. McKune responded, providing no specific facts concerning the alleged censorship, but rather alleging that the case involved the constitutionality of the prison mail regulation.
 
 
 7
 The district court then dismissed the complaint for lack of a case or controversy and standing to assert the constitutional rights of others. We review the district court's 1915(d) dismissal for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 8
 A complaint may be dismissed under 1915(d) as frivolous if "it lacks an arguable basis in law and fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First and Fourteenth Amendments protect a prisoner's right to send and receive correspondence. Thornburgh v. Abbott, 490 U.S. 401, 407-08 (1989). The exercise of that right, however, may be limited by prison administrators concerned about security. Id. at 408. Any review of prison mail regulation must determine whether the regulation is " 'reasonably related to legitimate penological interests.' " Abbott, 490 U.S. at 409 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)); see also Smith v. Maschner, 899 F.2d 940, 944 (10th Cir.1990). While we must construe a pro se complaint liberally, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). We agree with the district court that the pleadings in this case do not provide sufficient information to allow a meaningful investigation of the complaint, which would be essential in a "reasonableness" inquiry. The complaint falls into the category of a generalized grievance.
 
 
 9
 We also may affirm a dismissal on the basis of an affirmative defense, such as Eleventh Amendment immunity, when it is obvious from the face of the complaint. Yellen v. Cooper, 828 F.2d 1471, 1476 (10th Cir.1987). When it is clear that a defendant is immune from suit, the complaint is based upon "an indisputably meritless legal theory." Neitzke, 490 U.S. at 327. This is an official capacity suit for damages against the state prison director. R. doc. 2 at 5. As such, it is barred in federal court. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 113 S.Ct. 684, 687-88 (1993); Will v. Michigan, 491 U.S. 58, 71 (1989).
 
 
 10
 We GRANT Mr. McColpin's motion to proceed in forma pauperis on appeal and affirm the district court's dismissal of his complaint.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 [3]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [4]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument